## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**JERRY TOMLISON**
   **et al.,**

   **Plaintiffs,**

                  **Case No. C2-03-706**

**vs.**                 **Judge Edmund A. Sargus, Jr.**
                   **Magistrate Judge Mark R. Abel**

**KROGER CO.,**
   **et al.,**

   **Defendants.**

## OPINION AND ORDER

This matter is before the Court on Defendant Kroger Company's Motion for Reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. The Motion is opposed by Defendant International Brotherhood of Teamsters, Local Union No. 413 ("Local 413") and Plaintiffs Jerry Tomlison, Richard Mourne, Terry Rankin, and Al Chamberlin. For the reasons that follow, Defendant Kroger's Motion is **DENIED**.

### I.

As set forth more fully in Plaintiffs' Complaint and the Court's previous Opinion and Order, Plaintiffs believed that a fellow employee, Paul Smith, filed a blanket grievance that covered their claims for severance pay from Kroger. They allegedly discovered that the grievance applied exclusively to Smith when only he received an individual check for severance

1

pay.

Plaintiffs filed a hybrid action under Section 301 of the Labor Management Relations Act, 28 U.S.C. § 185, on August 6, 2003, alleging breach of the applicable collective bargaining agreement by Kroger and a breach of the duty of fair representation by both Local 413 and the International Brotherhood of Teamsters.  Defendants filed a Motion for Summary Judgment, which the Court denied.  Defendant Kroger now asks the Court to reconsider that denial. Defendant Local 413 and Plaintiffs oppose Kroger's Motion.

## II.

A party, on motion, may petition the Court to reconsider its judgment consistent with Rule 59 of the Federal Rules of Civil Procedure.  Rule 59(e) provides that "[a] motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment."  Fed. R. Civ. P. 59(e).[1]  Motions to reconsider judgments are generally disfavored by courts.  *Meekison v. Ohio Dep't of Rehabilitation and Correction*, 181 F.R.D. 571 (S.D. Ohio 1998).  Such motions may be granted, however, "if there is a clear error of law, . . . newly discovered evidence, . . . an intervening change in controlling law, . . . or to prevent manifest injustice."  *GenCorp, Inc. v. American Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (citations omitted).  "A motion under Rule 59(e) is not an opportunity to re-argue a case."  *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir.1998).  "Rule 59(e) motions are 'aimed at reconsideration, not initial consideration.'  . . .  Thus, parties should not use motions to alter or amend the judgment to 'raise arguments which could, and should, have been made before

---

[1]Defendant Kroger's Motion for Reconsideration was filed within the ten-day time period permitted by Rule 59(e).

judgment issued.'" *FDIC v. World Univ. Inc.*, 978 F.2d 10, 16 (1st Cir. 1992) (quoting *Harley Davidson Motor Co. v. Bank of New England*, 897 F.2d 611, 616 (1st Cir. 1990)).

**III.**

In its Motion for Reconsideration, Kroger asks whether Plaintiffs can impute the Defendant-Unions' alleged conduct to Kroger for the purpose of equitably tolling the six month limitations period. Kroger asserts that Plaintiffs may not, and argues that the Court erred by doing so in its previous Opinion and Order denying summary judgment.

Kroger asserts that the Court mistakenly relied on *Albright v. Virtue*, 273 F.3d 564 (3d Cir. 2001) and should have applied *Robinson v. Central Brass Manufacturing Company*, 987 F.2d 1235 (6th Cir. 1993). As an initial observation, the Court notes that it specifically expressed in its Opinion and Order that *Albright* is merely persuasive authority on the subject and did not apply *Albright* to the exclusion of *Robinson*. Moreover, in that earlier Order, the Court reviewed *Robinson* and finds the case is distinguishable from the facts presented here.

In *Albright*, the plaintiffs filed grievances with their local union to recalculate their seniority status. *Albright*, F.3d at 568. A review committee found the grievances to be untimely and unappealable, but the plaintiffs complained to their local business manager and nonetheless requested an appeal. *Id.* at 568-69. The union business manager responded to the plaintiffs' requests and told them that he had forwarded the appeal. *Id.* at 569. He never informed the plaintiffs that the grievances were not progressing. *Id.*

More than twelve months later, plaintiffs filed a hybrid Section 301 action against the manager, the international union, and the local union. *Id.* at 569-70. The Third Circuit Court of Appeals ruled that the plaintiffs "reasonably believed that [the business manager] was

3

undertaking an appeal for some of them." *Id.* at 574. They neither knew nor should have known that the appeals to the union were futile. The court therefore determined that the claim against the union had not accrued. *Id.* at 575.

In *Albright*, the court ruled that, because the union claim had not accrued, the claim against the employer should be tolled because the "breach of fair representation claim is the 'necessary condition precedent' to the § 301 claim; in hybrid suits where the employee sues both the employer and the union, an employee must still allege that the union refused to process his grievance as a condition precedent to the § 301 claim." *Id.* at 576 (quoting *Vadino v. A. Valley Engineers*, 903 F.2d 253, 261 (3d Cir. 1990)). Therefore, the Court concluded that "the statute of limitations may be tolled against the employer in a hybrid case when the employee sues both the employer and the union, even when the reason for tolling the statute of limitations is due to the action of the union alone." *Id.* at 577.

In its Motion for Reconsideration, Defendant contends that the actions of the Local 413 and the International Union cannot be imputed to Kroger. Specifically, Kroger notes that none of the parties claim that Kroger was involved in preventing Plaintiffs from discovering that Smith's grievance was not treated as a blanket grievance. On this basis, Kroger suggests, under *Robinson*, there is no legal basis to equitably toll the statute of limitations against it, and, in particular, the alleged actions of the Defendant-Unions cannot be imputed to Kroger for purposes of this equitable tolling. Kroger bases this assertion on the Sixth Circuit's conclusion in *Robinson* that "[t]he Union's actions cannot be imputed to [the employer,] Central Brass, and misrepresentations made by third parties cannot be the basis of equitable tolling against a defendant." *Robinson*, 987 F.2d at 1245.

4

In *Robinson*, an employee, Carol Robinson, was discharged from Central Brass for excessive absenteeism. *Id.* at 1237. She filed a grievance, which Central Brass denied. Her union had the right to request arbitration within ten working days of the denial. *Id.* According to the union constitution, she did not have the right to appeal to a court or governmental agency for redress until she exhausted her internal remedies. *Id.*

The union did not request arbitration on her behalf by the required date. *Id.* Robinson then exercised her right to appeal the union's withdrawal to two appellate boards, the first of which denied her appeal. *Id.* She did not appeal to the last step. Instead, she filed a Section 301 hybrid complaint in federal court against Central Brass and the union. *Id.* at 1237-38. The district court granted Central Brass's and the union's motions for summary judgment on the grounds that both claims were barred by the six month statute of limitations. *Id.* at 1238.

On appeal, the Sixth Circuit concluded that the causes of action against both defendants accrued on the date that the deadline for requesting arbitration passed without action by the union. The court found, however, that although the causes of actions against both defendants accrued simultaneously, it did not necessarily follow that the statutes of limitations for the two interdependent claims began to run simultaneously. *Robinson*, 987 F.2d at 1239. The court held that the statute of limitations on the plaintiff's cause of action against the employer began to run when the employer denied the grievance and the union did not request arbitration, because the internal appeals process no longer could have provided her with complete relief. The plaintiff appealed the union's decision not to request arbitration in the internal union appeals process, but the employer was not a party to this internal appeal. In fact, her employer made clear that, even if she were successful with her union appeal, the collective bargaining agreement prohibited

5

reinstatement, which was the relief she sought from the employer. Thus, the court concluded that, at the time the union chose not to request arbitration, it should have been clear to the plaintiff that she had exhausted the internal appeals process as it related to the employer, and thus the limitations period began to run. *Id.* at 1243. On the other hand, the court concluded that the statute of limitations on the plaintiff's cause of action against the union was tolled while the plaintiff pursued internal union remedies because, although the internal appeals process could not provide complete relief, it clearly provided the possibility of partial relief from the union in the form of monetary damages. *Id.* Accordingly, the court held that the plaintiff's claim against the employer was barred by the six-month statute of limitations, but held that the plaintiff's claim against the union was not time-barred.

Importantly, *Robinson* was a termination of employment case in which the employee could not be reinstated pursuant to the collective bargaining agreement no matter what the result of the internal union appeals. The court therefore focused its analysis on when the plaintiff should have known that the internal appeals scheme could no longer provide the result she sought, that is reinstatement to her job. In this situation, the court found that "[t]olling the statute of limitations while a claimant pursues *completely* futile internal union remedies does not serve the federal interests . . . " of both promoting private resolution of disputes through internal union remedies and ensuring a judicial forum for resolve disputes. *Robinson*, 987 F.2d at 1242.

*Robinson* and *Albright* are consistent insofar as applied to the relevant facts of this case. Both *Robinson* and *Albright* emphasize that the question of whether to toll the limitations period lies within the discretion of the district court and caution that each case must be analyzed on its own facts. Further, each case directs the focus of the analysis to whether the employee knew, or

in the exercise of reasonable diligence should have known, that pursing internal union remedies was completely futile.

In its Opinion and Order denying summary judgment, the Court did not rely on *Albright* to hold that Plaintiffs' breach of fair representation claim is a necessary condition precedent to a Section 301 claim. Furthermore, contrary to Kroger's arguments in its Motion for Reconsideration, *Albright* neither stands for the proposition that a district court may impute the actions of the union to the employer, nor did this Court make such a finding. The Court found that questions of fact remain on the issue of when the statute of limitations began to run. The Court found *Albright* persuasive in the context of determining whether there was a date certain on which it became clear to the Plaintiffs that further appeals were futile, thereby triggering the statute of limitations. On that score, Kroger has not argued that further appeals by Smith and the Plaintiffs (if a blanket grievance had been filed) would have been futile and that Plaintiffs could not receive the relief they requested had they been successful in an appeal.

In arriving at its conclusions, the Court does not impute the conduct of the Unions to Kroger. Nor is the Court necessarily drawing conclusions as to Kroger's decision to process Smith's grievance as an individual concern. The Court, however, must measure whether Plaintiffs discovered, or in the exercise of reasonable diligence should have discovered, the acts constituting the alleged violations. The Court merely found that principles of equitable tolling apply here and issues of fact remain as to whether Plaintiffs' failure to meet the legally-mandated six-month deadline arose from an avoidable lack of due diligence or circumstances beyond their

control.[2]

In the present Motion, Defendant Kroger has introduced no error in law, new evidence, or proof of manifest injustice that would cause the court to reconsider its motion and decide to grant summary judgment. Genuine issues of material fact remain as to whether Plaintiffs' claims were timely and whether the statute of limitations should be tolled. Kroger's Motion for Reconsideration is therefore **DENIED**.

### IV.

Defendant Kroger argues, in the alternative, that the Court should issue an Order pursuant to 28 U.S.C. § 1292(b) certifying an interlocutory appeal to the Court of Appeals for the Sixth Circuit. The decision to grant leave for an interlocutory appeal is within the discretion of the district court and may be granted only in the presence of extraordinary circumstances. *Vitols v. Citizens Banking Co.*, 984 F.2d 168, 170 (6th Cir. 1993) (citing *Kraus v. Bd. of County Comm'rs*, 364 F.2d 919, 922 (6th Cir. 1966)). The Court denies this request because no "substantial ground for difference of opinion" exists here so as to justify the extraordinary relief Kroger requests. 28 U.S.C. § 1292(b). Because *Albright* and *Robinson* stand for discrete rules in the context of highly fact-sensitive analyses that are required in tolling cases, no reason exists for the Court to

---

[2]     Defendant Kroger also faults the Court for its determination that fact issues remain on the question of Plaintiffs' due diligence in discovering their claim and cites an unreported case from the Sixth Circuit Court of Appeals that states that "relying on assurances from a union or company official is not sufficient to meet the burden of due diligence." *Gumbus v. United Food & Commercial Int'l Union*, 1995 WL 5935, *4 (6th Cir. 1995)(unreported). In *Gumbus*, the plaintiffs alleged that the union deliberately and fraudulently concealed information and conspired with the employer. The court determined, under those circumstances, that it would be unreasonable for the plaintiffs to rely on the union or employer's assurances and that these plaintiffs failed as a matter of law to exercise due diligence. In this case, viewing the evidence in a light most favorable to the non-moving parties, Plaintiffs did more than rely on assurances from union officials and adduced evidence indicating that a group grievance for severance pay was underway. Given the facts as set forth in its previous Opinion and Order, the Court declines Kroger's invitation to rule as a matter of law that Plaintiffs were not sufficiently diligent in discovering the basis for their lawsuit.

certify a question to the Sixth Circuit for review. Kroger's alternative request to certify an interlocutory appeal is accordingly **DENIED**.

**V.**

For the foregoing reasons, Defendant Kroger's Motion for Reconsideration is **DENIED**. Defendant Kroger's alternative request to certify an interlocutory appeal is also **DENIED**.

**IT IS SO ORDERED.**

_8 - 2 - 200_
**DATED**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**